**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUN 2 6 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.  06-30098-DRH |
| | ) | |
| TRX HEALTH SYSTEMS, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America, by its counsel Randy G. Massey, Acting United States Attorney for the Southern District of Illinois, and Michael J. Quinley, Assistant United Sates Attorney for the Southern District of Illinois, and the Defendant, TRX Health Systems, P.C., by and through its attorney, hereby notify the court, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, that the following Plea Agreement under Rule 11(c)(1)(B) has been negotiated and entered into:

1.      TRX Health Systems, P.C. (hereinafter TRX) agrees to plead guilty to Count 3 of the Superseding Indictment.  The Stipulation of Facts is attached hereto and incorporated herein.  TRX is an Illinois corporation doing business within the Southern District of Illinois.

2.      The Superseding Indictment charges TRX in Count 3 of violating Title 18, United States Code, Section 1341 (mail fraud), which carries a maximum penalty of 5 years probation, or a criminal fine of $500,000, or both.  TRX is alternatively liable for a fine under Title 18, United States Code, Section 3576(d) which states:

If [TRX] derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

TRX agrees to plead guilty to Count 3 of the Superseding Indictment. Pursuant to the Stipulation of Facts, incorporated by reference herein and attached hereto, TRX admits that it knowingly, intentionally and willfully committed or caused to be committed, along with others, the crime charged in the attached Superseding Indictment.

3.      The Government and the Defendant agree that the following constitute the essential elements of the offense:

First, that the defendant knowingly devised or participated in the scheme to defraud or to obtain money or property by means of materially false representations as described in Count 1 of the indictment;

Second, that the defendant did so knowingly and with the intent to defraud; and

Third, that for the purpose of carrying out the scheme or attempting to do so, the defendant caused the use of the United States Mails in the manner charged in the particular count. The Defendant agrees and admits that its conduct violated these essential elements of the offense.

4.      Sentencing Guidelines

The United States and TRX agree that Section 8C2.2 (b) of the United States Sentencing Guidelines ("U.S.S.G.") applies to sentencing TRX with respect to the Superseding Indictment. It is readily ascertainable that TRX does not have the means to pay the minimum guideline fine.

5.      The Government and TRX have agreed to recommend to the court that a proper disposition of this matter is:

(a)    the imposition of a criminal fine on TRX in the amount of $1,000, which is to be paid at sentencing;

(b)    the imposition of restitution in the amount of $10,911.15;

(c)    a period of five years probation;

(d)    special assessment of $400 (18 U.S.C. 3013(a)(2)(B) for offenses committed after April 24, 1996).

TRX affirmatively states that it has sufficient assets to pay this criminal fine.

6.    TRX waives its right to appeal the sentence imposed, to challenge that sentence in any collateral proceeding, or to seek reduction of the sentence under Rule 35 of the Federal Rules of Criminal Procedure in exchange for the concessions made in this plea agreement.

7.    Conditioned on TRX's material compliance with all terms of this Plea Agreement, the United States agrees that it will not prosecute any other criminal charges in connection with allegations of wrongdoing that were known to the United States Attorney's Office for the Southern District of Illinois prior to the date of the execution of this plea agreement.  However, this plea agreement cannot and does not bind the Tax Division of the U.S. Department of Justice or the Internal Revenue Service of the U.S. Department of the Treasury.

8.    The United States will inform the Court of the extent of TRX's cooperation; however, TRX understands that the Court did not participate in this agreement, is not bound by any recommendations of the Government, and further, that it will not be able to withdraw its plea of guilty, once entered.

9.    Each person who signs this Plea Agreement in a representative capacity warrants that he or she is duly authorized to do so and is bound by its terms, obligations and conditions.

10.    TRX acknowledges being advised and does fully understand the following:

(a)    the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b)    that TRX has the right to plead not guilty or to persist in that plea if it has already been made, and has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against it, and the right not to be compelled to incriminate itself;

(c)    that if TRX pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial;

(d)    that if TRX pleads guilty, the Court may ask TRX's representatives questions about the offenses to which it has pleaded, and if it answers these questions under oath, on the record, and in the presence of counsel, its answers may later be used against it or its representatives in a prosecution for perjury or false statement; and

(e)    that if TRX pleads guilty, it will waive its right to persist in its plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against it at trial.

11.    TRX agrees that this Plea Agreement, Stipulation of Facts constitutes the entire agreement between TRX and the United States and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce TRX to enter into this Plea Agreement and Stipulation of Facts.

12.    TRX understands that this offense is subject to provisions and guidelines of the Sentencing Reform Act of 1984 (Ch. II of the Comprehensive Crime Control Act of 1984, Public Law 98-173, Oct. 12, 1984), Title 28, United States Code, Section 994(a).

13.    TRX states that its representatives have read this agreement and they have discussed the agreement, and understand it.

4

14.     TRX understands and agrees that if it, through its officers, commits any offense in violation of federal, state, or local law or violate any term or condition of this agreement during the period of probation specified in paragraph 4(c) of this Plea Agreement, then the Government is not bound by the provisions in the Plea Agreement and may request that the Court impose on TRX any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of probation.  No action taken or recommendation made by the Government pursuant to this paragraph will be grounds for TRX to withdraw its plea.

15.     This Plea Agreement may be executed in more than one counterpart, each of which shall constitute an original and all of which shall constitute one and the same Agreement.

16.     This Plea Agreement may not be altered, amended, modified, or otherwise changed except by a writing duly executed by each of the parties.

17.     No additional promises, agreements or conditions other than those referenced in this Plea Agreement will be entered unless in writing and signed by all parties.

No matters are in dispute.


RANDY G. MASSEY
Acting United States Attorney


_____
TRX HEALTH SYSTEMS, P.C.
Defendant

_____
MICHAEL J. QUINLEY
Assistant United States Attorney


_____
WILLIAM LUCCO (Christopher Threlkeld)
Attorney for Defendant


5

Date: _____6/26/07_____          Date: _____6-26-2007_____